UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE H & R BLOCK MORTGAGE CORPORATION, PRESCREENING LITIGATION | ) ) ) ) | CAUSE NO.: 2:06-MD-230 (MDL 1767)<br><br>This document relates to 2:05-CV-162-RL |

**OPINION and ORDER**

This matter is before the Court on a Motion To Compel Discovery Of Documents And Information [DE 54][1], filed by the Defendant, H & R Block Mortgage Corporation ("HRBMC") on February 8, 2006.

**PROCEDURAL BACKGROUND**

On April 5, 2006, the undersigned Magistrate Judge stayed the proceedings in 2:05-CV-162, pending a ruling by the Judicial Panel on Multidistrict Litigation ("MDL") on the Defendant's Motion to Transfer. On June 21, 2006, the MDL panel consolidated Plaintiff Bonner's case, 2:05-CV-162, along with two other similar matters, to the Northern District of Indiana for pretrial proceedings. On July 17, 2006, District Court Judge Rudy Lozano stayed the proceedings with regard to discovery and pleadings in the instant MDL proceedings. On October 12, 2006, the undersigned Magistrate Judge lifted the stay in this matter.

On October 18, 2006, this Court ordered Defendant HRBMC, as the moving party in the instant Motion, to file a Notice with the Court, on or before October 25, 2006, indicating whether the underlying discovery issues in the instant Motion either (1) remained viable and thus required a ruling on the merits or (2) were now stale and thus moot. On October 25, 2006, Defendant HRBMC filed a Notice Regarding Pending Discovery Motions, in which it informed the Court that the instant Motion remained viable and thus required a ruling on the merits. On

---

[1] The docket entry number correlates to 2:05-CV-162.

October 27, 2006, the Court issued an Order taking under advisement Defendant HRBMC's Motion To Compel Discovery Of Documents And Information [DE 54] as well as Plaintiff Bonner's Response To Defendant's Motion To Compel Discovery Of Documents And Information, filed on February 23, 2006.  The Court also ordered that Defendant HRBMC have until November 13, 2006, within which to file a reply brief.  On November 13, 2006, the Defendant filed its Reply Memorandum In Support Of The Motion To Compel Of H&R Block Mortgage Company.  On November 22, 2006, Plaintiff Bonner filed Plaintiff's Notice Of Additional Authority In Further Opposition To Defendant's Motion To Compel Discovery Of Documents And Information.  Finally, on November 30, 2006, the Defendant filed a Response To Plaintiff's "Notice Of Additional Authority" Filed November 22, 2006.

## FACTUAL BACKGROUND

In their respective Complaints, the Plaintiffs allege that Defendant HRBMC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), by accessing and obtaining the Plaintiffs' credit reports without written permission or a permissible purpose, as required by the FCRA.  In particular, the Plaintiffs each assert that HRBMC violated the FCRA because the pre-screening mailings did not qualify as a "firm offer of credit" for a home loan, within the meaning of the statute, in that the mailings did not contain sufficient terms to constitute a "firm offer of credit" under the FCRA, and, therefore, HRBMC did not have a permissible purpose for accessing the Plaintiffs' credit information.  Finally, the Plaintiffs allege that the Defendants willfully violated the FCRA, which entitled them to statutory damages.  The statute calls for a damage award of $100 to $1,000 for willful violations plus attorneys' fees.

**ANALYSIS**

In the instant Motion, the Defendant requests an order from the Court compelling Plaintiff Bonner to respond to discovery requests it previously served on the Plaintiff. In particular, HRBMC seeks to compel Plaintiff Bonner to respond to Requests for the Production of Documents Nos. 9, 17, 19, and 20, which seek financial information about the Plaintiff, and Interrogatories Nos. 10, 11, and 12, which seek information regarding the factual basis for specific allegations in the Plaintiff's Complaint. The Court will consider the disputed requests and interrogatories in turn.

A.  *Requests for the Production of Documents Nos. 9[2], 17[3], 19[4], 20[5]*

The Defendant seeks to compel the Plaintiff to respond to requests for the production of documents seeking information regarding the personal financial affairs of Plaintiff Bonner. In support, HRBMC presents several arguments. First, relying on *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004), the Defendant asserts that *Cole* supports disclosure of the personal financial information of the Plaintiff because the *Cole* Court held that a district court must "consider the entire offer and the effect of all the material conditions that comprise the credit product in question." *Id*. at 727-28. Next, HRBMC relies on *Murray v. GMAC Mortgage Corp.*,

---

[2] Request for Production No. 9:  All documents concerning the following information both currently and at the time you received Exhibit A:  whether you own a home, the dates of such ownership, the estimated value of your home, your first mortgage balance, interest rate, term and monthly payment, your income (both individually and household), including your monthly salary, outstanding credit card balances, and any other documents concerning your assets and debts.

[3] Request for Production No. 17:  Copies of any loan documents you have executed at any time since January 1, 1995.

[4] Request for Production No. 19:  Documents sufficient to identify the following:  (1) your last three residential addresses; (2) your last three employers; (3) your current compensation; (4) any and all of your total assets for any period from January 1, 2003 to present; and (5) any and all of your liabilities from January 1, 2003 to present.

[5] Request for Production No. 20:  Your last two state and federal tax returns.

434 F.3d 948 (7th Cir. 2006), asserting that in order to determine whether an offer has value to the consumer, the offer must be shown to be useful to the "normal consumer" and if the proposed class representative is not normal, then he or she may not be a suitable class representative.  In other words, HRBMC asserts that it is entitled to the Plaintiff's personal financial information in order to determine whether Plaintiff Bonner is a "normal consumer."  Finally, the Defendant cites another Seventh Circuit case holding that a plaintiff's "inability to show damages dooms [his] claim" under FCRA.  *See Ruffin-Thompkins v. Experion*, 422 F.3d 603, 611 (7th Cit. 2005).  Therefore, HRBMC argues, it requires the Plaintiff's financial information in order to determine how he has been damaged, if at all.

In response, the Plaintiff argues that (1) the Seventh Circuit has held that personal, financial information is not relevant to whether a "firm offer of credit" was made; (2) Plaintiff Bonner does not seek actual damages, but only statutory damages; and (3) Plaintiff Bonner never responded to the solicitation.  In particular, Plaintiff Bonner disputes the Defendant's interpretation of the *Cole* and *Murray* case.  The Defendant replies that at trial, the Plaintiff will have to prove that HRBMC's offer had no value to the normal consumer, and thus the Defendant is entitled to an order compelling discovery of Plaintiff Bonner's financial situation or an order ruling that Plaintiff's financial situation cannot be introduced into evidence at trial.  Finally, after full briefing of the instant Motion, the Plaintiff filed a Notice of Additional Authority, in which he directs the Court's attention to *Hernandez v. Citifinancial Services, Inc.*, No. 05-C-2263, 2006 WL 1749649, at *1 (N.D. Ill. June 21, 2006).  The Defendant responds arguing that the additional authority is irrelevant because it represents "an opinion from a different matter, with different parties and different facts... ."

In *Hernandez*, the Court denied the defendant's motion to compel ruling that the financial services company was not entitled to the plaintiff's personal financial information. *Hernandez* involved a consumer's class action complaint against a financial services company, alleging that it violated the Fair Credit Reporting Act by sending unsolicited offers of credit in the mail to the consumer and others. The Defendant-financial services company filed a motion to compel seeking an order from the court requiring the plaintiff to disclose documents and information related to his personal financial position.[6] In support, the defendant argued that it was entitled to the plaintiff's financial information because (1) the FCRA allows lenders to verify specific criteria bearing on credit worthiness in determining whether to extend credit; (2) under *Cole*, courts must consider the entire offer and all material conditions, including consumer's financial information and eligibility for the offer in question; and (3) under *Murray*, courts must permit discovery to determine whether plaintiff is a "normal" consumer and whether plaintiff would have accepted the offer if it had been made. *Hernandez*, 2006 WL 1749649, at *1. Interpreting the holdings in *Cole* and *Murray* differently than the moving party, the *Hernandez* Court held that the defendant "is not entitled to the financial information requested above because (1) whether Defendant extended a firm offer in its mailer does not depend on the idiosyncracies of the consumers/recipients, and (2) the ex post analysis that Defendant seeks has been explicitly rejected by the Seventh Circuit." *Hernandez*, 2006 WL 1749649, at *3.

The Court finds the *Hernandez* case to be persuasive and on point here. Here, as in *Hernandez*, the moving party relied on *Cole* and *Murray* in order to justify disclosure of the

---

[6]Summarizing the requests for the production of documents at issue in *Hernandez*, the defendant sought the disclosure of the following: all loan documents executed by the consumer since 1995; his tax returns for the past two (2) years; a declaration of his total assets and liabilities beginning in 2003; his current compensation; and his last three (3) residential addresses and employers. *See Hernandez*, 2006 WL 1749649, at * 1.

Plaintiff's personal financial information. While HRBMC isolates a single sentence from *Murray* regarding a "normal consumer" as support for its broad discovery requests, the Court finds, in line with the *Hernandez* Court, that *Murray* supports Plaintiff Bonner's position. After the "normal consumer" language, the *Murray* Court goes on to provide that "[w]e do not read *Cole* ... to require a consumer-by-consumer evaluation." *Murray*, 434 F.3d at 955. On the contrary, *Murray* states that the determination undertaken in *Cole*, i.e., whether an offer represents a legitimate offer of credit or a solicitation, "depends on the terms of the offer, not on recipients' idiosyncratic circumstances." *Id.* at 956. The *Murray* Court provides even further guidance:

> To decide whether [the Defendant] has adhered to the [FCRA], a court need only determine whether the four corners of the offer satisfy the statutory definition (as elaborated in *Cole* ), and whether the terms are honored when consumers accept. These questions readily may be resolved for a class as a whole.

*Id.* Thus, the Court finds that the Plaintiff's personal, financial position is not relevant in this matter.[7] Accordingly, the Court will deny the Defendant's Motion in this regard.

*B. Interrogatories Nos. 10[8], 11[9], and 12[10]*

---

[7] In addition to HRBMC's arguments regarding *Cole* and *Murray*, the Defendant also asserts that it requires disclosure of the Plaintiff's personal, financial information in order to determine damages. However, the Plaintiff responds, as he has numerous other times, that he is only seeking statutory damages. In reply, the Defendant argues that "[t]here is nothing to prevent Plaintiff from later changing his mind and seeking his own actual damages." The Court finds the Defendant's argument to be mere speculation and not based on any evidence. However, if the situation arises, i.e., Plaintiff Bonner seeks actual damages, the Court may revisit this issue.

[8] Interrogatory No. 10: Identify all facts that support your contention in paragraph 28 of the Complaint that "[t]he sending of Exhibit A does not qualify as a 'firm offer of credit' within the meaning of the FCRA…" (brackets in original).

[9] Interrogatory No. 11: Identify all facts that support your contention in paragraph 29 of the Complaint that "HRBMC obtained or used, or caused to be obtained or used, the consumer report of [P]laintiff Perrie Bonner and every other person to whom Exhibit A was sent without their written permission or a 'permissible purpose.'"

[10] Interrogatory No. 12: Identify all facts that support your contention in paragraph 34 of the Complaint that "Exhibit A is a form document."

The Defendant seeks to compel the Plaintiff to respond to interrogatories seeking information regarding the factual basis for specific allegations in the Plaintiff's Complaint. In particular, Interrogatories Nos. 10-12 seek the facts supporting the following contentions in the Plaintiff's Complaint, respectively: (1) the sending of Exhibit A is not a firm offer of credit; (2) the Defendant did not receive permission to access putative class member credit files and that the use of the information was not permitted under FCRA; and (3) Exhibit A is a form document. The Plaintiff responds that Interrogatories Nos. 10-12 are contention interrogatories and thus the Plaintiff need not respond until the end of the discovery period. The Defendant replies that the Plaintiff should be compelled to answer the interrogatories so that discovery can proceed. Further, the Plaintiff argues that if for some reason the Defendant cannot provide complete answers, then it can provide partial answers.

As a threshold matter, based on the plain language of the Interrogatories at issue, the language in Rule 33(c) and accompanying advisory committee notes, and the Plaintiff's apparent agreement as to the nature of the disputed interrogatories as "contention interrogatories"[11], the Court finds that Interrogatories Nos. 10-12 qualify as "contention interrogatories."

Federal Rule of Civil Procedure 33(c) provides:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, *but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time*.

---

[11]The Court notes that Plaintiff Bonner's objection to Interrogatories Nos. 10-12 focuses on the timing of his response by asserting that he is "entitled to complete discovery prior to responding to contention interrogatories." Plaintiff Bonner's argument impliedly concedes that he must respond to the disputed Interrogatories at some point during the prosecution of this matter.

Fed.R.Civ.P. 33(c) (emphasis added).  The advisory committee notes provide some clarification as to timing:

> Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer. Likewise, the court may delay determination until pretrial conference, if it believes that the dispute is best resolved in the presence of the judge.

Fed.R.Civ.P. 33(c) advisory committee notes (1970 Amendments).  In other words, Rule 33(c) provides that contention interrogatories may not be answered until, at the earliest, after substantial discovery has taken place, or at the latest, at the final pre-trial conference.

Here, the Court finds that the Defendant fails to cite a specific, substantive reason as to why it requires early answers to the contention interrogatories.  *See In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-339 (D.C. Cal. 1985) ("A party seeking early answers to contention interrogatories cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered.  Rather, the propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure").  On the contrary, the Defendant merely argues that it is entitled to understand the Plaintiff's factual theories and bases underlying his Complaint.  In addition, courts routinely delay compelling responses to contention interrogatories until after "considerable discovery." *See Auto Meter Products, Inc. v. Maxima Technologies & Systems, LLC*, No. 05-C-4587, 2006 WL 3253636, *2 (N.D. Ill. Nov. 6, 2006) ("When one party poses contention interrogatories *after considerable discovery*, and the opposing party refuses to answer the interrogatories, courts routinely compel the resisting party to answer the interrogatories") (emphasis added) (citations

omitted); *see also Calobrace v. American Nat'l Can Co.*, No. 93-C-999, 1995 U.S. Dist. LEXIS 1371, at *3 (N.D.Ill. Feb. 3, 1995) (same); *Rusty Jones, Inc. v. Beatrice Co.*, No. 89-C-7381, 1990 WL 139145, at *2 (N.D. Ill. Sept.14, 1990) (same); *S.S. White Burs, Inc. v. Neo-Flo, Inc.*, No. Civ.-A. 02-3656, 2003 WL 21250553, at *1 (E.D. Pa. 2003) ("At times, courts will postpone to the end of discovery the responses of "contention interrogatories," which ask a party to state all facts and theories upon which it bases a contention, so that the party does not have to articulate theories of its case which are not yet fully developed").

Nevertheless, the Court finds that Interrogatories Nos. 10-12 seek information as to the central issues in this case and thus the Plaintiff's responses to the disputed interrogatories may be crucial at the summary judgment stage, the filing deadline for which is August 1, 2007.  Thus, noting that all non-expert discovery ends on May 1, 2007 and all expert discovery on June 15, 2007, the Court finds that the Plaintiff must respond to the Defendant's Interrogatories Nos. 10-12 on or before July 3, 2007.  Therefore, the Court will grant the Defendant's Motion in this regard.

## CONCLUSION

Accordingly, based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** the Motion To Compel Discovery Of Documents And Information [DE 54].  The Court **GRANTS** the Motion to the extent that the Defendant seeks an order compelling the Plaintiff to answer Interrogatories Nos. 10-12.  However, the Court finds that the Plaintiff need not respond to Interrogatories Nos. 10-12 until on or before **July 3, 2007**.  The Court **DENIES** the Motion to the extent that the Defendant seeks an order compelling the Plaintiff to respond to Requests for the Production of Documents Nos. 9, 17, 19, and 20.

SO ORDERED this 13th day of December, 2006.

                s/ Paul R. Cherry
                MAGISTRATE JUDGE PAUL R. CHERRY
                UNITED STATES DISTRICT COURT

cc:    All counsel of record