**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

IN RE H & R BLOCK MORTGAGE          )        CAUSE NO.: 2:06-MD-230 (MDL 1767)
CORPORATION, PRESCREENING           )
LITIGATION                          )        This document relates to 2:05-CV-162-RL

**OPINION and ORDER**

This matter is before the Court on Plaintiff's Motion To Compel [DE 39][1], filed by the

Plaintiff Perrie Bonner on December 9, 2005.  On December 27, 2005, Defendant H & R Block

Mortgage Corporation ("HRBMC") filed a Response of H & R Block Mortgage Corporation to

Plaintiff's Motion To Compel.  On January 6, 2006, Plaintiff Bonner filed his Reply in Support

of Motion to Compel.

**PROCEDURAL BACKGROUND**

On April 5, 2006, the undersigned Magistrate Judge stayed the proceedings in 2:05-CV-

162, pending a ruling by the Judicial Panel on Multidistrict Litigation ("MDL") on the

Defendant's Motion to Transfer.  On June 21, 2006, the MDL panel consolidated Plaintiff

Bonner's case, 2:05-CV-162, along with two other similar matters, to the Northern District of

Indiana for pretrial proceedings.  On July 17, 2006, District Court Judge Rudy Lozano stayed the

proceedings with regard to discovery and pleadings in 2:06-MD-230.  On October 12, 2006, the

undersigned Magistrate Judge lifted the stay in this matter.

On October 18, 2006, this Court ordered Plaintiff Bonner, as the moving party in the

instant Motion, to file a Notice with the Court, on or before October 25, 2006, indicating whether

the underlying discovery issues in the instant Motion either (1) remained viable and thus

required a ruling on the merits or (2) were now stale and thus moot.  On October 25, 2006,

---

[1]The docket entry number correlates to 2:05-CV-162, the case in which the instant Motion was
originally filed.

Plaintiff Bonner filed a Notice as to Motions to Compel, in which he informed the Court that the instant Motion remained viable and thus he requested a ruling on the merits.  On October 27, 2006, the Court issued an Order taking under advisement the instant Motion to Compel.

## FACTUAL BACKGROUND

In their respective Complaints, the Plaintiffs allege that Defendant HRBMC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), by accessing and obtaining the Plaintiffs' credit reports without written permission or a permissible purpose, as required by the FCRA.  In particular, the Plaintiffs each assert that HRBMC violated the FCRA because the pre-screening mailings did not qualify as a "firm offer of credit" for a home loan, within the meaning of the statute, in that the mailings did not contain sufficient terms to constitute a "firm offer of credit" under the FCRA, and, therefore, HRBMC did not have a permissible purpose for accessing the Plaintiffs' credit information.  Finally, the Plaintiffs allege that the Defendants willfully violated the FCRA, which entitled them to statutory damages.  The statute calls for a damage award of $100 to $1,000 for willful violations plus attorneys' fees.

## DISCUSSION

In the instant Motion, Plaintiff Bonner requests an order from the Court compelling HRBMC to respond to outstanding discovery requests he previously served on the Defendant.  In particular, Plaintiff Bonner seeks to compel Defendant HRBMC to respond to Request for the Production of Documents No. 4[2], which seeks truth in lending disclosure statements for all persons receiving credit after receiving and responding to Exhibit A (the mailing sent from

---

[2]Request for Production of Documents No. 4: The truth in lending disclosure statement for all person[s] [sic] receiving credit after receiving and responding to Exhibit A.

HRBMC to Plaintiff Bonner), and Interrogatories Nos. 5[3] and 6[4], which seek information regarding the number of persons who were sent Exhibit A as well as who responded and were extended credit, including specifics such as the amount of credit received, the annual percentage rate, the down payment required, the number of payments, and the amount of each payment. HRBMC argues that such documents are relevant to two issues: (1) whether numerosity is sufficient; and (2) whether a firm offer of credit was extended by the mailing in the form of Exhibit A to the Complaint.  In support of its numerosity argument, HRBMC cites Seventh Circuit case law highlighting the significance and burden as to demonstrating numerosity.  In support of its "firm offer of credit" argument, HRBMC cites *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004), for the proposition that specifics regarding the solicitation offer are significant as to whether a "firm offer of credit" was extended to the recipients/Plaintiffs.  In response, Defendant HRBMC proffers three arguments: (1) Plaintiff Bonner needs no further discovery with respect to the number of members of the class because the numerosity requirement has been admitted by the Defendant; (2) the requested information is not relevant to whether the Defendant made a "firm offer of credit"; and (3) providing information about the terms of loans accepted by pre-screened consumers would be burdensome and an unwarranted invasion of privacy.

Because the parties discuss both the request for production and interrogatories together, the Court will address the Motion by evaluating Defendant HRBMC's arguments against the Motion, in turn and in more detail, below.

---

[3] Interrogatory No. 5: State, broken down by month and state, the number of persons sent Exhibit A who responded by applying for credit.

[4] Interrogatory No. 6:  State, broken down by month and state, the number of persons who responded to Exhibit A who were extended credit.  For each such person state the amount of credit received, the [annual percentage rate], the down payment requirement, the number of payments and the amount of each payment.

**STANDARD**

District courts have broad discretion in matters relating to discovery.  *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Federal Rule of Civil Procedure 26(b)(1) sets the standard for the scope of general discovery, providing that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense to any party  ...  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed.R.Civ.P. 26(b)(1).  Accordingly, discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  The advisory committee notes provide further explanation regarding the standard for relevance as to discovery:

> Since decisions as to relevance to the subject matter of the action are made for discovery purposes well advance of trial, a flexible treatment of relevance is required and the making of discovery, whether voluntary of under court order, is not a concession or determination of relevance for purposes of trial.

Fed.R.Civ.P. 26(b)(1) advisory committee notes (1970 Amendments).

**ANALYSIS**

1.      *Numerosity*

The Court notes that, in its Response, Defendant HRBMC concedes numerosity in terms of class certification as to Rule 23(a)(1).  Accordingly, the Court finds the Plaintiff's argument in support of compelling the requested outstanding discovery requests as to numerosity to be moot.

2. *Relevance as to "firm offer of credit"*

Plaintiff Bonner argues that the requested outstanding discovery is relevant to whether a "firm offer of credit" was extended by the mailing of the form attached as Exhibit A to the

Complaint.  Plaintiff Bonner relies on *Cole v. U.S. Capital*, 389 F.3d 719 (7th Cir. 2004), in order to justify the requested disclosure of specifics with regard to the mailing of Exhibit A such as the number of persons who responded, the amount of credit received, the down payment required, etc.  Defendant responds arguing (1) as a legal matter, there is no requirement under the FCRA that a consumer be offered only one firm offer of credit in conjunction with the firm offer of credit mailing, and (2) as a factual matter, the fact that consumers might have ultimately entered into loans with different terms does not establish that a firm offer of credit was not extended to them as part of the firm offer of credit mailing, for there are a variety of reasons why different loans might have resulted.  Further, Defendant HRBMC refutes Plaintiff Bonner's interpretation of *Cole.*

In *Cole*, the Seventh Circuit held that, on a motion dismiss, the offer from the defendant had no real value to the plaintiff-consumer, and therefore the release of the consumer's credit report in connection with this offer was not a "permissible purpose" in connection with any "firm offer of credit", thus failing to state a claim under the FCRA.  Of particular relevance here, the *Cole* Court provided the following guidance on the scope of relevance as to the question of whether an offer constitutes a "firm offer of credit":

> To determine whether the offer of credit comports with the statutory definition, a court must consider the entire offer and *the effect of all the material conditions that comprise the credit product in question.*  If, after examining the entire context, the court determines that the "offer" was a guise for solicitation rather than a legitimate credit product, the communication cannot be considered a firm offer of credit.

*Cole*, 389 F.3d at 727-728 (emphasis added).  The *Cole* Court further provided that "[i]n making that assessment, one important term for courts to evaluate is the amount of credit to be extended."  *Id.* at 728.  The Court goes on to explain that the amount of credit does not exist in a

"vacuum," but that "other terms attached to that credit offer" may play a role in the evaluation of whether to extend or to accept a credit offer.   In addition, the Court in *Cole* cites concrete specifics that may be relevant to the "firm offer of credit" determination:

> What type of credit was offered?  What would be the terms of the credit?  Did the creditor have a business plan in place that fully complied with the requirements for firm offers of credit under Section § 1681a( l ), including establishing in advance the criteria for the credit?  Did any consumers apply for, or actually get, this credit?   If not, why not?   For example, was the offer so unintelligible-were the terms so inherently confusing, contradictory or buried in fine print-that no one applied?  Was there any guarantee?  Was the credit offer so trivial, or were there so many conditions, that it was not meaningful? ...

*Cole*, 389 F.3d at 728 (citation omitted).

In the instant Motion, Plaintiff Bonner's request for production and interrogatories request, for the most part, information such as the number of persons sent Exhibit A who responded by applying for credit; the amount of credit received, the annual percentage rate, the down payment required, the number of payments, and the amount of each payment; and truth in lending disclosure statements for all persons receiving credit after receiving and responding to Exhibit A.   Under *Cole*, it appears to the Court that, at the very least, pursuant to the liberal standard set out in Rule 26(b)(1) and its "flexible treatment of relevance", the requested information is discoverable as relevant to whether the offer in the mailing of Exhibit A constituted a "firm offer of credit."

*3. Burdensome*

Defendant HRBMC argues that an order compelling it to provide information about the terms of loans accepted by pre-screened consumers would be burdensome and an unwarranted invasion of privacy.  Plaintiff Bonner replies that the Defendant failed to provide any substantive evidence as to why his request would be overly burdensome.

The Court agrees with Plaintiff Bonner. Defendant HRBMC neither proffers any specific evidence nor cites any case law in support of its "burdensome" argument. On the contrary, Defendant HRBMC merely asserts that compliance with Plaintiff Bonner's request would be burdensome because it "*could* require the review of thousands of consumer files." Def. Resp., at 8 (emphasis added).[5] Without any further evidence, the Court finds Defendant HRBMC's argument to be unpersuasive.

As to Defendant HRBMC's "unwarranted invasion of privacy" argument, Plaintiff Bonner concedes in its Reply Brief that Defendant HRBMC "can produce this information with the appropriate redaction to insure a high level of privacy." Pl. Reply, at 4. Moreover, on August 12, 2005, this Court issued a Stipulated Protective Order, pursuant to Defendant HRBMC's Agreed Motion for a Protective Order, which specifically protects against HRBMC's privacy concerns at issue here.[6]

### CONCLUSION

Accordingly, based on the foregoing, the Court **GRANTS** Plaintiff's Motion To Compel [DE 39]. The Court **ORDERS** Defendant HRBMC to respond fully to Plaintiff Bonner's discovery requests, specifically the Request for the Production of Documents No. 4 and Interrogatories Nos. 5 and 6, on or before **January 26, 2007.**

SO ORDERED this 27th day of December, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

---

[5]While the Courts finds Defendant HRBMC's "burdensome" argument to be unpersuasive, it is not unsympathetic to the large volume of documents at issue here. Accordingly, the Court encourages Plaintiff Bonner to reasonably streamline and narrow its discovery requests in order to facilitate an efficient discovery process and further encourages the parties to discuss and resolve any future discovery disputes without further resort to the Court.
[6]*See* docket entries 20 and 21 in 2:05-CV-162-RL-PRC.

cc:      All counsel of record