UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE H & R BLOCK MORTGAGE CORPORATION, PRESCREENING LITIGATION. | ) ) ) | CAUSE NO.: 2:06-MD-230 (MDL 1767) This document relates to 2:06-CV-232-RL |

**OPINION and ORDER**

This matter is before the Court on a Motion To Compel Discovery Of Documents And Information Or, In The Alternative, Have Facts Deemed Admitted [DE 29], filed by Defendant H & R Block Mortgage Corporation ("HRBMC") on November 9, 2006.[1] On November 17, 2006, Plaintiff Eugene Wojctzak filed Plaintiffs' Response To Defendant's Motion To Compel Discovery Of Documents And Information, Or In The Alternative, Have Facts Deemed Admitted. On November 29, 2006, Defendant HRBMC filed its Reply Memorandum In Support Of The Motion To Compel Discovery Of Documents And Information Or, In the Alternative, Have Facts Deemed Admitted of H & R Block Mortgage Corporation.

**PROCEDURAL BACKGROUND**

On February 24, 2006, the District Court stayed the proceedings in 2:05-CV-851, pending a ruling by the Judicial Panel on Multi-District Litigation ("MDL") on the Defendant's Motion to Transfer in that case. On June 21, 2006, the MDL panel transferred Plaintiff Wojctzak's case along with two other similar matters (*Philips v. H & R Block, Inc.*, C.D. Cal., No. 8:05-CV-851 and *Bonner v. H & R Block Mortgage Corp.*, N.D. Ind, No. 2:05-CV-162) from the MDL panel to the United States District Court for the Northern District of Indiana for pretrial proceedings. On July 17, 2006, in its Practice and Procedure Order upon Transfer Pursuant to 28 U.S.C. Section 1407(a), the District Court stayed the proceedings with regard

---

[1] Defendant HRBMC originally filed the instant Motion as docket entry number 25 in *Wojctzak v. H & R Block Mortgage Corporation*, No. 2:05-CV-00851-JPS, in the United States District Court for the Eastern District of Wisconsin, on February 20, 2006.

to discovery and pleadings in the instant MDL proceedings. On October 12, 2006, the undersigned Magistrate Judge lifted the stay in this matter.

On November 3, 2006, this Court ordered Plaintiff Wojctzak to file a Notice with the Court, on or before November 10, 2006, indicating whether the underlying discovery issues in the instant Motion either (1) remained viable and thus required a ruling on the merits or (2) were now stale and thus moot. On November 8, 2006, Plaintiff Wojctzak filed a Notice Regarding Pending Discovery Motions, in which he informed the Court that he did not file the instant Motion. On November 9, 2006, Defendant HRBMC filed a Notice Regarding Pending Discovery Motion, in which it indicated that it filed the instant Motion which remained viable and thus required a ruling on the merits. Further, Defendant HRBMC refiled the instant Motion, which is fully briefed and currently pending before the Court.

## FACTUAL BACKGROUND

In their respective Complaints, the Plaintiffs allege that Defendant HRBMC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), by accessing and obtaining the Plaintiffs' credit reports without written permission or a permissible purpose, as required by the FCRA. In particular, the Plaintiffs each assert that HRBMC violated the FCRA because the pre-screening mailings did not qualify as a "firm offer of credit" for a home loan, within the meaning of the statute, in that the mailings did not contain sufficient terms to constitute a "firm offer of credit" under the FCRA, and, therefore, HRBMC did not have a permissible purpose for accessing the Plaintiffs' credit information. Finally, the Plaintiffs allege that the Defendants willfully violated the FCRA, which entitled them to statutory damages. The statute calls for a damage award of $100 to $1,000 for willful violations plus attorneys' fees.

**STANDARD**

District courts have broad discretion in matters relating to discovery.  *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Federal Rule of Civil Procedure 26(b)(1) sets the standard for the scope of general discovery, providing that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party  ...  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed.R.Civ.P. 26(b)(1).  Accordingly, discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence.  *Id*.  The advisory committee notes provide further explanation regarding the standard for relevance as to discovery:

> Since decisions as to relevance to the subject matter of the action are made for discovery purposes well in advance of trial, a flexible treatment of relevance is required and the making of discovery, whether voluntary of under court order, is not a concession or determination of relevance for purposes of trial.

Fed.R.Civ.P. 26(b)(1) advisory committee notes (1970 Amendments).

**ANALYSIS**

In the instant Motion, Defendant HRBMC requests an order from the Court compelling Plaintiff Wojctzak to respond to discovery requests it previously served on him and, with regard to the Requests for Admissions, to have certain facts deemed admitted.  In particular, HRBMC seeks to compel Plaintiff Wojctzak to respond to Requests for the Production of Documents Nos. 8 and 13 and Interrogatories Nos. 11-14, and to have certain facts deemed admitted from its Requests for Admissions Nos. 4-7 and 20.  In general, these discovery requests seek documents and information concerning (1) Plaintiff Wojctzak's damages and (2) the factual bases for certain of Plaintiff Wojctzak's allegations in his Complaint.  In addition, Defendant HRBMC requests an award of costs and attorneys' fees.  The Court will consider the

disputed discovery requests in more detail and in turn below.

1. *Requests for the Production of Documents*

Defendant HRBMC seeks to compel Plaintiff Wojctzak to respond to Requests for the Production of Documents Nos. 8 and 13, which seek information in Plaintiff Wojctzak's possession concerning any putative class member and damages, respectively. Defendant HRBMC argues that it is entitled to information concerning other potential class members as well as Plaintiff Wojctzak's bases for claimed damages. In response, Plaintiff Wojctzak asserts that his previous discovery responses to Defendant HRBMC's requests are proper because (1) the Plaintiff has no documents in his possession that contain the names and addresses of other putative class members and (2) the Plaintiff does not allege actual damages and Seventh Circuit case law does not require such. Defendant HRBMC replies that (1) if Plaintiff Wojctzak has no documents in his possession that contain the names and addresses of other putative class members, then Plaintiff Wojctzak should amend his discovery response to Defendant HRBMC's Request for Production of Documents No. 8 accordingly; and (2) it is entitled to discovery of Plaintiff Wojctzak's damages.

*a.     Request for the Production of Documents No. 8*[2]

First, as to Request for Production of Documents No. 8 seeking documents regarding other putative class members, based on Plaintiff Wojctzak's representation that he has no such responsive documents, the Court denies as moot Defendant HRBMC's instant Motion as to the Request for Production of Documents No. 8. However, the Court orders Plaintiff Wojctzak to amend his discovery responses accordingly within fourteen (14) days of this Order.

---

[2]Request for the Production of Documents No. 8: All documents containing the name or address of any member of the putative class.

b.       *Request for the Production of Documents No. 13*[3]

Second, as to Request for Production of Documents No. 13, Defendant HRBMC argues that it "is entitled to know Plaintiff's bases for any claimed damages." In support, Defendant HRBMC relies on *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603 (7th Cir. 2005), for the proposition that the failure to first demonstrate actual damages dooms any claim for punitive damages under the FCRA and, therefore, Defendant HRBMC is entitled to discover how Plaintiff Wojctzak has been damaged, if at all, by the Defendant's actions. Plaintiff Wojctzak responds that *Ruffin-Thompkins* does not apply because it addresses a different section of the FCRA, i.e, a 1681i claim as opposed to a 1681b claim, which is at issue here. Plaintiff Wojctzak further argues that Defendant's Request for Production of Documents No. 13 fails in light of *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948 (7th Cir. 2006), which, addressing a 1681b claim, held that the fact that the consumer sought statutory and not compensatory damages did not preclude class certification. Finally, Plaintiff Wojctzak notes that he did not allege actual damages and thus any discovery request regarding actual damages is irrelevant. Defendant HRBMC replies that "[n]othing precludes Plaintiff [Wojctzak] from changing his position in the future" and seeking actual damages, and thus Defendant HRBMC is entitled to discovery. In addition, Defendant HRBMC argues that Plaintiff's actual damages are "plainly relevant" to punitive damages, which a plaintiff may seek pursuant to 15 U.S.C. § 1681n.

As the Court interprets Defendant's Motion, Defendant HRBMC essentially proffers three arguments as to why Plaintiff Wojctzak should respond to its Request for Production of Documents No. 13 : (1) *Ruffin-Thompkins* makes evidence of actual damages relevant; (2) the Plaintiff may change his position, amend his Complaint, and seek actual damages, and thus Defendant is entitled to discovery on

---

[3]Request for the Production of Documents No. 13: All documents concerning any damages you claim to have suffered as a result of HRBMC's conduct as alleged in the Amended Complaint.

5

actual damages; and (3) actual damages are relevant to punitive damages, which the Plaintiff requests in his Complaint. The Court will address each of these arguments in turn.

First, the Court finds that *Ruffin-Thompkins* does not apply here. In *Murray v. New Cingular Wireless Services, Inc.*, 232 F.R.D. 295 (N.D. Ill. 2005), a recipient of a mass-mailed promotion brought a 1681b action under the FCRA against a wireless communications provider. In a motion for class certification, the defendant argued that even though the plaintiff only requests statutory damages, the plaintiff still has the burden of proving actual injury or harm. In support of its argument, the defendant relied on *Ruffin-Thompkins* for the proposition that a plaintiff in a FCRA case has to prove actual pecuniary injury in order to establish liability. *Id.* at 303. In *New Cingular*, the Court clarified the holding in *Ruffin-Thompkins*, stating that "the plaintiff [in that case] had to establish actual injury as an element of his claim under section 1681i(a)(1)(A) of the [FCRA]." *Id.* On the contrary, in *New Cingular*, and in the instant case, "[p]roof of actual damage is not required to state a cause of action under the provision at issue here", i.e., 1681b. *Id.* at 303; *see also, Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 393 (N.D. Ill. 2006) (stating that section 1681b "does not require proof of actual pecuniary harm; therefore a plaintiff does not have to prove actual harm in order to get statutory damages"). Therefore, the Court finds Defendant HRBMC's argument that it is entitled to discovery on damages based on *Ruffin-Thompkins* to be unpersuasive.

Second, the Court finds the Defendant's argument regarding the possibility of Plaintiff Wojctzak "changing his position in the future" and seeking actual damages to be speculation. If he were to so amend his Complaint, then HRBMC could pursue the discovery information on that basis.

Third and finally, as to Defendant HRBMC's argument that evidence of actual damages is relevant to punitive damages, the Court agrees with Defendant HRBMC.

Section 1681n(a) provides:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a). In addition, subsection (b), entitled "Civil liability for knowing noncompliance", further provides that "[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater." 15 U.S.C. § 1681n(b). Based on the plain face of the statute, the Court finds that evidence of actual damages may be relevant to the calculation of punitive damages. Here, because Plaintiff Wojctzak seeks punitive damages in this matter[4], Defendant HRBMC is entitled to discovery that may lead to admissible evidence as to punitive damages, which, based on the face of 1681n, the Court finds includes evidence of actual damages. Therefore, considering the liberal standard of discovery pursuant to Rule 26(b), the Court grants Defendant HRBMC's instant Motion as to the Request for Production of Documents No. 13.[5] The

---

[4]*See* Plaintiff's Complaint, ¶¶ 27, 32 (providing that, in relation to both counts I and II, "Defendant is liable to the [P]laintiff and class members pursuant to 15 U.S.C. § 1681n").

[5]In addition, the Court finds that Plaintiff Wojctzak's failure to address in his response brief Defendant HRBMC's relevance argument as to punitive damages waives any objection as to that argument. *See Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003) (holding that arguments not presented to the court in a response to a summary judgment motion are deemed waived); *REP MCR Realty, L.L.C. v. Lynch*, 363 F.Supp.2d 984, 1015 (N.D. Ill. 2005) (holding that a plaintiff waives an argument he fails to raise in opposition to a motion for sanctions).

Court orders Plaintiff Wojctzak to respond within fourteen (14) days of this Order.

2.      *Requests for Admissions Nos. 4-7 and 20*[6]

Defendant HRBMC seeks to compel Plaintiff Wojctzak to respond to Requests for Admission Nos. 4-7 and 20, which seek admissions as to (1) whether the Plaintiff's credit rating has been adversely affected; (2) whether the Plaintiff has been denied credit; (3) whether the Plaintiff is the victim of identity theft; (4) whether the Plaintiff is at a higher risk of identity theft as a result of HRBMC's alleged conduct; and (5) whether Plaintiff's FICO score at the time he received the mailing was in excess of 500. Defendant HRBMC asserts that Plaintiff Wojctzak's previous discovery responses to the disputed requests to admit failed to comply with Federal Rule of Civil Procedure 36, by failing to either admit or deny but instead asserting that "he has insufficient information to admit or deny this request." Therefore, the Defendant asserts, Plaintiff Wojctzak's discovery responses to the requests to admit are inadequate and thus the requests should be deemed admitted or Plaintiff Wojctzak should be compelled to respond as required under Federal Rule of Civil Procedure 36. In response, Plaintiff Wojctzak admits that while his discovery responses "did not mirror exactly the proffered language of Rule 36, it is clear that the intent was to convey that he did not have possession of the information requested in the Defendant's Requests for Admission 4,5,6,7 and 20 and had to provide a qualified answer as allowed under the Rule." Turning to the substance, as to Requests for Admissions 4-7, Plaintiff Wojctzak asserts that actual damages that he may have incurred have no relevance here, and, as to Request for Admission No. 20, the Plaintiff argues

---

[6]Request for Admission No. 4: You have no evidence that your credit rating was adversely affected as a result of HRBMC's conduct as alleged in the Amended Complaint.
Request for Admission No. 5: You have not been denied credit by any person subsequent to (a) HRBMC's conduct as alleged in the Amended Complaint or (b) the receipt of Exhibit A.
Request for Admission No. 6: You have no evidence that you have ever been a victim of identity theft as a result of HRBMC's conduct as alleged in the Amended Complaint.
Request for Admission No. 7: You have no evidence that you are at a higher risk of becoming a victim of identity theft as a result of HRBMC's conduct as alleged in the Amended Complaint.
Request for Admission No. 20: Your FICO score at the time you received Exhibit A was in excess of 500.

that his "idiosyncratic circumstances" have no relevance as to whether a firm offer of credit was made. Defendant replies that Plaintiff's actual damages, if any, are plainly relevant to the issue of punitive damages, which Plaintiff Wojctzak seeks in his Complaint pursuant to 15 U.S.C. § 1681n.

Federal Rule of Civil Procedure 36(a) provides, in relevant part:

> Each matter of which an admission is requested shall be separately set forth. ... If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. ... An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed.R.Civ.P. 36(a). Further, Rule 36(a) provides that "[i]f the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." Fed.R.Civ.P. 36(a).

Plaintiff Wojctzak responded to Defendant's Requests for Admission 4-7 in the following manner:

> Plaintiff objects to Request # [4,5,6, and 7] on grounds that it is premature. Investigation continues. Plaintiff is entitled to examine this issue in the discovery process, which does not close until March 15, 2007. Plaintiff will supplement his response when required. Notwithstanding and without waiving said objection, at this time, [P]laintiff has insufficient information to admit or deny this request.

Def. Mem., at 4-5. Similarly to Plaintiff Wojctzak's response to Defendant's Requests for Admission Nos. 4-7, Plaintiff Wojctzak responded to Defendant's Requests for Admission No. 20 this way:

> Plaintiff objects to Request # 20 on grounds that it seeks irrelevant information that cannot lead to the discovery of relevant or admissible evidence. Plaintiff's FICO score at the time plaintiff received Exhibit A has no bearing on whether defendant improperly accessed plaintiff's consumer report. Notwithstanding and without waiving said objection, plaintiff has insufficient information to admit or deny this request.

Def. Mem., at 5.

As to the technical requirements of Rule 36(a), the Court finds that Plaintiff Wojctzak's responses

9

to Defendant's Requests for Admission 4, 5, 6, 7, and 20 failed to comply with the requirement in Rule 36(a) that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed.R.Civ.P. 36(a). Moreover, the Court notes that Plaintiff Wojctzak, in his response to the instant Motion, admitted that his responses failed to comply with Rule 36. *See* Pl. Mot., at 6 (discussing his responses to Defendant's Requests for Admission, "[w]hile admittedly, the responses from the [P]laintiff did not mirror exactly the proffered language of Rule 36 ... ."). Accordingly, the Court grants Defendant HRBMC's instant Motion as to Requests for Admission Nos. 4, 5, 6, 7, and 20. As relief, the Court orders Plaintiff Wojctzak to amend his responses to Defendant's Requests for Admission Nos. 4, 5, 6, 7, and 20, in compliance with Rule 36 and the instant Order, within fourteen (14) days of this Order.[7]

3.      *Interrogatories Nos. 11-14*[8]

---

[7]In terms of Defendant HRBMC's argument regarding the relevance of its Requests for Admissions Nos. 4-7 as to punitive damages, because the Court finds that Plaintiff Wojctzak's responses failed to comply with Rule 36 and thus orders the Plaintiff to amend his responses, and because the Court does not know what those amended responses will state, the Court declines to rule on the substantive issue as to the Requests for Admission. However, the Court advises the parties to see the instant Order's discussion of actual and punitive damages as related to Defendant's Request for Production of Documents No. 13 in order to serve as a guide as to how the Court may rule and the Court encourages the parties to resolve any further discovery disputes as to these issues without leave of Court. Likewise, with regard to Request for Admission No. 20, the Court again declines to rule on the substance of the parties' arguments because the parties failed to thoroughly address the substantive arguments as to Request for Admission No. 20 (Defendant argues that Plaintiff's FICO score relates to whether he remained qualified to accept HRBMC's offer and Plaintiff argues that his "idiosyncratic circumstances" are not relevant to whether a firm offer of credit was made). The parties fail to cite any case law and/or rule in support of their respective positions. The Court advises the parties that if Plaintiff's response to Request for Admission No. 20 remains objectionable (according to Defendant) *after* the Plaintiff has amended his response, the parties may again seek redress from the Court.

[8]Interrogatory No. 11: Identify all facts that support your contention in paragraph 16 of the Amended Complaint that "[t]he sending of Exhibit A does not qualify as a 'firm offer of credit' within the meaning of the FCRA."
Interrogatory No. 12: Identify all facts that support your contention in paragraph 21 of the

10

Defendant HRBMC seeks to compel Plaintiff Wojctzak to respond to Interrogatories Nos. 11-14, which, in general, seek information supporting various allegations and/or contentions in Plaintiff Wojctzak's Complaint, including the following:  (1) Defendant HRBMC's offer does not qualify as a firm offer of credit within the meaning of the FCRA; (2) Defendant HRBMC obtained a consumer report on Plaintiff Wojctzak and every other person to whom, Exhibit A was sent without their written permission or a permissible purpose; (3) Defendant HRBMC's violation was willful; and (4) Exhibit A is obviously a form document.  Defendant HRBMC argues that it merely seeks to understand Plaintiff Wojctzak's bases for the above claims in his Complaint.  In response, Plaintiff Wojctzak argues that he is entitled to complete discovery prior to responding to contention interrogatories.  In reply, Defendant HRBMC argues that Plaintiff Wojctzak should be ordered to respond to all contention interrogatories so that discovery can proceed.  In the alternative, Defendant HRBMC indicates that Plaintiff Wojctzak may provide partial answers.

As a threshold matter, based on the plain language of the Interrogatories at issue, the language in Rule 33(c) and accompanying advisory committee notes, and both parties' apparent agreement as to the nature of the disputed interrogatories as "contention interrogatories"[9], the Court finds that Interrogatories

---

Amended Complaint that "HRBMC obtained a consumer report on [P]laintiff [Wojtczak] and every other person to whom Exhibit A was sent without their written permission or a 'permissible purpose.' "
Interrogatory No. 13: Identify all facts that support your contention in paragraph 23 of the Amended Complaint that "Defendant's violation was willful."
Interrogatory No. 14: Identify all facts that support your contention in second numbered paragraph 22 (actually paragraph 26) of the Amended Complaint that "Exhibit A is obviously a form document."

[9]The Court notes Plaintiff Wojctzak's response and objection as to Interrogatories Nos. 11-14 focuses on the timing of his response by asserting that he is "entitled to complete discovery prior to responding to contention interrogatories."  Defendant HRBMC's reply does not dispute Plaintiff Wojctzak's representation that Interrogatories Nos. 11-14 are contention interrogatories. Accordingly, both parties impliedly concede that the disputed Interrogatories are contention interrogatories and that the Plaintiff must respond to them at some point during the prosecution of this matter.

11

Nos. 11-14 qualify as "contention interrogatories."

Federal Rule of Civil Procedure 33(c) provides:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, *but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time*.

Fed.R.Civ.P. 33(c) (emphasis added). The advisory committee notes provide some clarification as to timing:

> Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer. Likewise, the court may delay determination until pretrial conference, if it believes that the dispute is best resolved in the presence of the judge.

Fed.R.Civ.P. 33(c) advisory committee notes (1970 Amendments). In other words, Rule 33(c) provides that contention interrogatories may not be answered until, at the earliest, after substantial discovery has taken place, or at the latest, at the final pre-trial conference.

Courts have required a moving party to present "specific, plausible grounds" as to why the party requires early answers to contention interrogatories. *See In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-339 (D.C. Cal. 1985) ("A party seeking early answers to contention interrogatories cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered. Rather, the propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure"). Here, the Court finds that the Defendant fails to cite any specific, substantive reason as to why it requires early answers to the contention interrogatories. On the contrary, Defendant HRBMC merely argues that "Plaintiff [Wojctzak] should be ordered to

12

respond to all contention interrogatories ... so that discovery here can proceed."

Courts routinely delay compelling responses to contention interrogatories until after "considerable discovery." *See Auto Meter Products, Inc. v. Maxima Technologies & Systems, LLC*, No. 05-C-4587, 2006 WL 3253636, *2 (N.D. Ill. Nov. 6, 2006) ("When one party poses contention interrogatories *after considerable discovery*, and the opposing party refuses to answer the interrogatories, courts routinely compel the resisting party to answer the interrogatories") (emphasis added) (citations omitted); *see also Calobrace v. American Nat'l Can Co.*, No. 93-C-999, 1995 U.S. Dist. LEXIS 1371, at *3 (N.D.Ill. Feb. 3, 1995) (same); *Rusty Jones, Inc. v. Beatrice Co.*, No. 89-C-7381, 1990 WL 139145, at *2 (N.D. Ill. Sept.14, 1990) (same); *S.S. White Burs, Inc. v. Neo-Flo, Inc.*, No. Civ.-A. 02-3656, 2003 WL 21250553, at *1 (E.D. Pa. 2003) ("At times, courts will postpone to the end of discovery the responses of "contention interrogatories," which ask a party to state all facts and theories upon which it bases a contention, so that the party does not have to articulate theories of its case which are not yet fully developed"). Nevertheless, the Court is also mindful of the fact that Interrogatories Nos. 11-14 seek information as to central issues in this case and thus Plaintiff Wojctzak's responses to the disputed interrogatories may be crucial at the summary judgment stage, the filing deadline for which is August 1, 2007. Accordingly, the Court finds that the Plaintiff must respond to the Defendant's Interrogatories Nos. 11-14 on or before July 3, 2007. Therefore, the Court will grant the Defendant's Motion in this regard.

## CONCLUSION

Based on the foregoing reasons, the Court now **GRANTS IN PART and DENIES IN PART** the Motion To Compel Discovery Of Documents And Information Or, In The Alternative, Have Facts Deemed Admitted [DE 29]. The Court **GRANTS** the Motion to the extent that the Defendant seeks an order compelling the Plaintiff to answer Interrogatories 11-14. However, the Court finds that the Plaintiff need not respond to Interrogatories 11-14 until on or before **July 3, 2007**. The Court further **GRANTS** the

Motion to the extent that the Defendant seeks an order compelling the Plaintiff to answer Requests for Admission 4, 5, 6, 7, and 20 and **ORDERS** Plaintiff Wojctzak to amend his responses to Defendant's Requests for Admission Nos. 4, 5, 6, 7, and 20, in compliance with Rule 36 and the instant Order, **within fourteen (14) days of this Order**.  Finally, the Court also **GRANTS** the Motion to the extent that the Defendant seeks an order compelling the Plaintiff to respond to Request for Production of Documents No. 13 and **ORDERS** Plaintiff Wojctzak to respond **within fourteen (14) days of this Order**.

The Court **DENIES as moot** the Motion to the extent that the Defendant seeks an order compelling the Plaintiff to respond to Request for Production of Documents No. 8; however, the Court orders Plaintiff Wojctzak to amend his discovery response to Request for Production of Documents No. 8 **within fourteen (14) days of this Order**.

The Court **DENIES** the Defendant's request for reasonable expenses, including attorney's fees, and **ORDERS** that each party is responsible for his or its own costs and fees associated with the instant Motion.

SO ORDERED this 30th day of January, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record