UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IN RE H & R BLOCK MORTGAGE | ) | CAUSE NO.: 2:06-MD-230 (MDL 1767) |
| CORPORATION, PRESCREENING | ) | |
| LITIGATION | ) | (relates to all cases) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Stay Proceedings [DE 82], filed by the Plaintiffs on August 17, 2007.  On August 24, 2007, the Defendant, H&R Block Mortgage Corporation ("H&R Block"), filed a response in opposition to the Motion.  On August 28, 2007, the Plaintiffs filed a reply.  For the following reasons, the Court denies the Plaintiffs' Motion to Stay Proceedings.

## BACKGROUND

This is a multidistrict litigation matter ("MDL"), transferred to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1407 for consolidated pretrial proceedings.  This MDL is comprised of three lawsuits filed in separate districts against H&R Block.  The Plaintiffs contend that H&R Block willfully violated the Fair Credit Reporting Act ("FCRA") by accessing or causing to be accessed information from the Plaintiffs' consumer reports and sending the Plaintiffs solicitations for home loans that did not constitute firm offers of credit.  The Plaintiffs now seek to stay this matter pending a decision by the United States Court of Appeals for the Seventh Circuit of an appeal in another case that the Plaintiffs contend involves an issue that is identical to an issue presented in this litigation.

**STANDARD**

A district court has broad discretion to stay litigation "for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." *See Hoosier Energy Rural Electric Cooperative, Inc.*, No. 1:04-cv-1761, 2005 WL 4882703, at *2 (S.D. Ind. Sept. 26, 2005) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Generally a suit is duplicative of another if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin*, 3 F.3d at 223 (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D. Ill. 1983)). A court may stay an action in deference to an earlier lawsuit even if the parties and issues are not identical. *See Heuft Systemtechnik v. Videojet Systems International, Inc.*, No. 93 C 0935, 1993 WL 147506, at *3 (N.D. Ill. May 6, 1993) (citing *Landis v. North American Co.*, 299 U.S. 248, (1936)).

**ANALYSIS**

In the instant Motion, the Plaintiffs request that the Court stay the MDL pending a ruling by the Seventh Circuit in *Bruce v. Keybank, N.A.*, No. 06-4368 (7th Cir.). *Keybank* was originally filed in the Northern District of Indiana. The same District Court presiding over this matter granted summary judgment to the defendant in *Keybank* on December 15, 2006, finding in part that the plaintiff failed to demonstrate that the defendant committed a willful violation of the FCRA. The plaintiff appealed that finding and the matter is currently before the Seventh Circuit.

After the District Court granted summary judgment in *Keybank*, the United States Supreme Court, in *Safeco Insurance Company of America v. Burr*, clarified the standard that defines a willful violation of the FCRA. *See* 127 S.Ct. 2201 (2007). The Court held that willfulness under the FCRA includes knowing as well as reckless violations of the statute. *See id.* at 2210. The Plaintiffs contend that the *Keybank* appeal and the instant case both involve the FCRA's willful standard, as

defined by *Safeco*. The Plaintiffs therefore argue that the Court should stay this matter in the interest of judicial economy pending a decision of the *Keybank* appeal.

H&R Block opposes the Plaintiffs' request, arguing that the District Court is capable of deciding this matter without guidance from a decision of the *Keybank* appeal. H&R Block concedes that the Seventh Circuit's decision in *Keybank* would be helpful to the District Court in the instant matter but argues that the *Keybank* opinion will be an interpretation of the *Safeco* standard, which would serve as guidance, not new law or precedent that would control the District Court's ruling. H&R Block contends that the instant matter should not be stayed pending an interpretation by the Seventh Circuit of facts similar to those presented in this litigation.

In support of staying this matter, the Plaintiffs attempt to draw parallels between the instant case and *Texas Indep. Producers & Royalty Owners Ass'n, Inc. v. E.P.A.*, 410 F.3d 964 (7th Cir. 2005). In *Texas Indep. Producers*, petitioners representing various oil and gas industry interests argued that the U.S. Environmental Protection Agency ("EPA") acted in a manner beyond its legal authority by issuing a general permit controlling environmental discharges. The argument presented by petitioners was one of first impression. However, the same question was then pending before the Fifth Circuit in an earlier filed case. As a result, the Seventh Circuit stayed the *Texas Indep. Producers* litigation pending the Fifth Circuit's resolution of the initial question of whether the EPA acted within its legal authority. *See id*. at 980.

The Plaintiffs also compare the instant case to *Videojet*. *See* 1993 WL 147506. In *Videojet*, the plaintiff filed suit against the defendant in the United States District Court for the Northern District of Illinois seeking payment for services. Over four years earlier, the defendant had filed suit against the plaintiff in a German court seeking to recover for the same alleged wrongful activities contemplated in the lawsuit filed in Illinois. Evaluating the concurrent lawsuits, the Illinois court

3

compared its analysis to another legal scenario involving two related suits, reasoning that "courts require that the parties and issues be sufficiently similar that *res judicata* can be asserted." *Videojet*, 1993 WL 147506 at *3.  The court concluded that based on the facts presented by the *Videojet* parties, final judgment in the earlier filed German litigation would be *res judicata* to one of the plaintiff's two counts pending in the Northern District of Illinois.  *See id*.   The court therefore stayed litigation pending a resolution of the German lawsuit.

Returning to this case, the Court finds that neither *Texas Indep. Producers* nor *Videojet* is controlling.  In *Texas Indep. Producers*, the court was faced with a question of first impression.  The same question was, however, pending before the Fifth Circuit in an earlier filed case.  As a result, the Seventh Circuit stayed *Texas Indep. Producers* and deferred to the Fifth Circuit to receive an answer to the initial question regarding the EPA's authority.  The instant matter is distinguishable from *Texas Indep. Producers* because in this case, the controlling standard is already set.  The Supreme Court set the standard for willfulness under the FCRA in *Safeco*.  The District Court must now apply the *Safeco* standard to the facts in this case.  Here, there is no need to stay the matter to await new law.

*Videojet* is also not on point with the instant case because here *res judicata* will not result from the Seventh Circuit's decision in *Keybank*.  In this case, the parties in *Keybank* and those involved in the instant litigation are completely different.  A required element of *res judicata* is identity of parties or their privies.  *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 913 (1993).  Beyond lacking identity of parties or their privies, the Plaintiffs failed to establish in their Motion to Stay that the facts presented in the *Keybank* appeal are the same as those presented in the instant case.  The Plaintiffs did not attach any exhibits to their Motion comparing the facts of the two cases.  Instead, the Plaintiffs make repeated representations that the claims are "nearly [] identical" or that

4

the issues in *Keybank* are "the exact issues" presented in this case. Pl.'s Motion at 2. However, facts are the underlying details that make up claims and issues, and if the facts in the two cases differ, a new analysis using the *Safeco* standard will be required and res judicata would not apply. Thus, the res judicata application seen in *Videojet* is inapplicable here.

The Plaintiffs next contend that staying this matter pending the Seventh Circuit's resolution of *Keybank* would simplify the issues and promote judicial economy. While the Court agrees that the written decision of the Seventh Circuit in *Keybank* would be helpful to the District Court here, it would do little to promote judicial economy. The District Court would be confronted with the same task following the *Keybank* decision that it is currently confronted with prior to a *Keybank* ruling: the Court must apply the *Safeco* standard to the facts presented in this case. A *Keybank* decision applying the *Safeco* standard to another set of facts would be an additional example for the Court to examine but it would not relieve the Court of any duty.

The Plaintiffs also argue that staying this matter will not result in prejudice to any party. The Plaintiffs contend that the detriment incurred by any delay resulting from a stay would be outweighed by the benefit received from the Seventh Circuit's interpretation of *Safeco*. However, judging from H&R Block's strong opposition to the proposed stay, the Court concludes that a stay would not benefit H&R Block. An indefinite stay of this pending litigation, aside from being unsettling to a defendant left with an uncertain future in this Court and the original District Court, has other business implications to a corporate defendant. The Court therefore concludes that with one party in favor of a stay and one against, the fact that staying this matter would not prejudice the Plaintiffs is not a sufficient reason to grant the Motion.

The Plaintiffs finally argue that the same attorneys represent the parties in *Keybank* and the parties in this case, and that this identity of attorneys should result in a stay of this case pending a

*Keybank* resolution. The Plaintiffs failed to submit any law in support of this argument. The Court acknowledges that because the same counsel are involved in both matters, bills submitted to counsels' clients may be affected by the simultaneous litigation. However, the clients paying for the two cases are not the same. Thus, staying this matter would not conserve the finances of any party involved in *Keybank*. Additionally, the Court hesitates to allow the *Keybank* clients to fund litigation in a related matter so that the Plaintiffs here can have what they might view to be a preview of a result that may potentially be reached in this case. The Plaintiffs filed this case and should be prepared to see it through to an adjudication on the merits.

The Plaintiffs relatedly contend that future work done by their attorneys in this matter briefing the FCRA issue would be duplicative of efforts rendered in the *Keybank* appeal. The Court is unable to make an informed finding on this issue because the record is not sufficiently developed for the Court to conclude that the facts involved in the two cases are identical and that efforts in furtherance of both cases would therefore be duplicative. If the facts in the two cases are different, the Plaintiffs' attorneys' efforts, while related in that they involve the same statute and standard for statutory damages, would not be duplicative. The Court finds that the risk of duplicating work performed by a single attorney, or single law firm, in two matters that involve the same standard and the same statute is not an appropriate justification to stay this case.

## CONCLUSION

Accordingly, based on the foregoing, the Court **DENIES** the Motion to Stay Proceedings [DE 82].

SO ORDERED this 12th day of September, 2007.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record