**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE H&R BLOCK MORTGAGE CORPORATION, PRESCREENING LITIGATION | ) ) ) ) ) | 2:06-MD-230 (MDL 1767)  (relates to all cases) |

**PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF DANA CLARKE AND PORTIONS OF THE DECLARATION OF DARREN HUME**

Plaintiff Perrie Bonner, through his attorneys, Edelman, Combs, Latturner & Goodwin, LLC, and on behalf of all Plaintiffs, respectfully requests that this Court strike the Declaration of Dana Clarke, attached as Exhibit C to Defendant H& R Block Mortgage Corp. ("HRBMC")'s L.R. 56.1 Statement of Material Facts in Support of Defendant's Motion for Summary Judgment ("Def. SMF") and paragraphs 4 and 5 of the Declaration of Darren Hume, attached as Exhibit B to Def. SMF and corresponding paragraphs of Def. SMF.

In support of this Motion, Plaintiff states as follows:

1. In connection with its Motion for Summary Judgment, HRBMC submitted the Declarations of Darren Hume and Dana Clarke, dated August 30, 2007.

2. Paragraphs 4 and 5 of Hume's declaration state:

    4. While I was employed at HRBMC, all advertising and marketing materials, including prescreened mailers were reviewed by Dana Frederick Clarke ("Mr. Clarke"), general Counsel and Chief Compliance Officer. I am aware that until my departure in February 2006, Clarke reviewed and approved all marketing materials for compliance with FCRA and all other relevant state and federal laws.

    5. Mr. Clark regularly communicated all new developments in the law affecting HRBMC's marketing practices to me, as well as any other relevant HRBMC personnel, and assured that the practices and marketing material conformed with that development. As a matter of standard practice, Mr. Clarke and I met every Monday morning to discuss any such developments.

3. On April 12, 2007, plaintiff's counsel took the deposition of Darren Hume. In connection with that deposition, plaintiff's counsel asked Mr. Hume to describe his communications with legal counsel Dana Clarke about compliance issues and case law development in November, 2005. He was instructed by his counsel not to answer on the basis of attorney-client privilege. [Deposition of Darren Hume, Plaintiff's Confidential Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment ("Pl. SMF") Exhibit E at 31:5-33:16]

4. Mr. Hume was also instructed not to answer on the basis of attorney-client privilege plaintiff's counsel's questions about what Dana Clarke told him about disclosures under the Fair Credit Reporting Act ('FCRA")(Hume dep., Pl. SMF Exhibit E at 35:1-36:9), the case of *Cole v. U.S. Capital* (Hume dep., Pl. SMF Exhibit E at 36:11-37:6), and the FTC rules on disclosures under the FCRA (Hume dep., Pl. SMF Exhibit E at 40:16-41:13)1.

5. On April 12, 2007, plaintiff's counsel took the deposition of Dana Clarke, the defendant's General Counsel.

6. Subsequently, in connection with its Motion for Summary Judgment, HRBMC submitted the Declaration of Dana Clarke, dated August 30, 2007. Because the Declaration was submitted after the close of discovery, plaintiff was not able to cross-examine Clarke about his statements in his declaration.

7. HRBMC is not entitled to simultaneously claim it had procedures in place to avoid violations of the law or it could have not acted with conscious disregard of the FCRA due to receipt of legal advice, *and* refuse to disclose what it had been

advised as to these subjects, even if the source of its knowledge was counsel.

*8.*  A litigant "cannot have it both ways [by seeking] refuge in consultation with counsel as evidence of their good faith yet prevent [opponents] from discovering the contents of the communication," under *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F.Supp. 1008, 1012 (N.D.Ill. 1993).

9.  HRBMC is not entitled to use documents involving or describing legal involvement without permitting access to all communications relating to the subject. This issue is similar to a patent action "where the attorney-client privilege is waived if the defendant relies on the opinion of counsel to defend against a willful infringement claim...." *Keyes Fibre Co., v. Packaging Corp. of America*, 763 F.Supp. 374, 376 (N.D. Ill. 1991). The waiver extends to all evidence concerning the subject matter upon which HRBMC relied. *Abbott Labs. v. Baxter Travenol Labs., Inc.*, 676 F.Supp. 831 (N.D. Ill. 1987). The reasoning behind the waiver is that a party should not be allowed to 'claim reliance on the advice of counsel and, at the same time, conceal the full nature and extent of that advice.' *Id.*

10. Other cases stand for the same principle, including *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987); *Clark v. United States*, 289 U.S. 1, 15 (1933); *Johnson v. Rauland-Borg Corp.,* 961 F. Supp. 208 (N.D.Ill. 1997); *Kidder, Peabody & Co. v. International Acceptance Group, NV*, 1997 U.S. Dist. LEXIS 7108, *9-*13 (N.D.Ill. May 20, 1997); *Southwire Co. v. Essex Group, Inc.,* 570 F.Supp. 643, 646 (N.D.Ill. 1983); *Anderson v. Nixon,* 444 F.Supp. 1195, 1200 (D.D.C. 1978);

and *United States v. Exxon Corp.*, 94 F.R.D. 246, 249 (D.D.C. 1981).

11. Principles of fairness prevent a party from only "disclosing opinions which support its position, and simultaneously concealing those [opinions] which are adverse." *Thermos Co. v. Starbucks Corp.*, 1998 U.S. Dist. LEXIS 17753 (N.D. Ill. Nov. 3, 1998); *Lakewood Engineering & Mfg. Co. v. Lasko Prods.*, 2003 U.S. Dist. LEXIS 3867 (N.D. Ill. Mar. 13, 2003).  It is unfair for HRBMC to claim it did not act willfully and had reasonable policies to ensure FCRA compliance if, for example, General Counsel Dana Clarke had told Marketing Vice-President Darren Hume to include an interest rate in the mailing and Hume had failed to do so.

12.  Instead of using the privilege for the intended purpose of facilitating frank discussions between attorneys and clients, it is attempting to "have it both ways [by seeking] refuge in consultation with counsel as evidence of their good faith yet [preventing plaintiff] from discovering the contents of the communication." *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F.Supp. 1008, 1012 (N.D.Ill. 1993); see *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (purpose of privilege).

13. Since HRBMC asserts the reliance on counsel as evidence that it could not have "willfully" violated the FCRA, plaintiff was entitled to know what counsel advised the head of marketing..

15. The assertions in the declarations of Hume and Clarke that HRBMC had reasonable procedures to comply with the FCRA should be stricken. *Keyes Fibre Co. v. Packaging Corp. Of America*, 763 F.Supp. 374, 376 (N.D. Ill. 1991).

16.  Defendant's assertion of the attorney-client privilege in this way runs counter to the principle that "the attorney-client privilege cannot at once be used as a shield and a sword," as expressed in *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991).  This Court should find that HRBMC cannot use this tactic.

17.   HRBMC seeks to use as much information about its policies and procedures, and their application, that will permit it to claim that it intended to comply and had reasonable procedures in place to ensure compliance with the FCRA—including as much information as possible relating to the involvement of attorneys. However, by invoking the privilege, and not allowing plaintiff to cross examine Clarke about the statements made in his post discovery declaration, it has prevented plaintiff from obtaining information that would be harmful to HRBM's claim that it did not violate the law willfully.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order striking the Declaration of Dana Clarke, paragraphs 4 and 5 of the Declaration of Darren Hume and, correspondingly, paragraphs 10, 12-13, 15 and 77-91 of Defendant's L.R. 56.1 Statement of Material Facts and for such other relief as law and justice require.

    Respectfully submitted,

    /s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
James O. Latturner
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

(312) 739-4200  
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on October 1, 2007, a copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF DANA CLARKE AND PORTIONS OF THE DECLARATION OF DARREN HUME** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Richard E. Gottlieb rgottlieb@dykema.com, ifrye@dykema.com; tgale@dykema.com

John D Blythin jblythin@ademilaw.com

Todd A Gale tgale@dykema.com

Arthur F. Radke aradke@dykema.com, mjr@dykema.com; ifrye@dykema.com

Renee L. Zipprich rzipprich@dykema.com,

Notice will be delivered by U.S. Mail and Facsimile to:

J. Kevin Snyder
Jessica G. Babrick
Naomi Carry
Dykema Gossett
333 South Grand Ave Suite 2100
Los Angeles, CA 90071
(213) 457-1850 (Facsimile)

David S. Markun
Kevin K. Eng
Markun Zusman & Compton
465 California St 5th Fl
San Francisco, CA 94104
(310) 454-5970 (Facsimile)

        /s/ Daniel A. Edelman
        Daniel A. Edelman