IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE H&R BLOCK MORTGAGE         )
CORPORATION, PRESCREENING        )    CAUSE NO. 2:06-md-230
LITIGATION                       )    (MDL 1767)
                                 )(relates to all cases)

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion of H&R Block Mortgage Corporation For an Order Requiring the Mailing of Class Notice, filed by Defendant, H&R Block Mortgage Corporation, on January 2, 2008 (DE #136); and (2) Plaintiffs' Agreed Motion for Approval of Notices of Pendency of Class Actions, filed by the parties on January 29, 2008 (DE #142). For the reasons set forth below, the motion for an order requiring the mailing of class notice (DE #136) is **DENIED AS MOOT**. The motion to approve the agreed upon class notices (DE #142) is **GRANTED** and the Court **APPROVES** the use of the notices attached to the motion as Exhibits A, B, and C. The Court further **APPROVES** the following agreed upon deadlines: Defendant will provide Plaintiffs with a list of potential class members no later than February 27, 2008; Plaintiffs will mail the notices to class members no later than 30 days after receiving the class list; and class members may opt-out of the litigation by mailing a request that is post-marked no later than 45 days after the class notice mailing.

BACKGROUND

On August 8, 2007, this Court certified this multidistrict litigation as class actions. Plaintiffs filed an agreed motion for approval of notices of pendency of class actions on August 28, 2007. On September 4, 2007, this Court denied that motion with leave to refile because the notice contained an improper case number. Following much delay, Defendant H&R Block Mortgage Corporation ("HRBMC") then filed one of the instant motions, requesting that the Court either order Plaintiffs to mail class notice by a date certain or to vacate the class certification. Plaintiff Perrie Bonner's response, filed on January 17, 2008, recounted that settlement discussions are at an impasse, and requested approval for Plaintiff Bonner to mail notice in the form of Exhibit 1 to the members residing in the Northern District of Indiana, Plaintiff Pamela Phillips indicated she would pursue a similar course of action, and Plaintiff Eugene Wojtczak indicated he would mail a substantially similar notice to the class members residing in Wisconsin. In reply, HRBMC indicated that the notice attached as Exhibit 1 was different than the previous notice (with the wrong case number) agreed upon by the parties.

During a status conference before this Court on January 28, 2008, the Court asked the parties to review the notice and submit an agreed upon proposed class notice to the Court. Subsequently,

the parties submitted the instant Plaintiffs' Agreed Motion for Approval of Notices of Pendency of Class Actions on January 29, 2008.

DISCUSSION

Under Rule 23(c)(2), a class action notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (citation omitted).  In addition, the notice must advise each member of three things.  First, that the Court will exclude the member from the class if the member so requests by a certain date.  Second, that the judgment will include all members of the class who do not request exclusion; and third, any member who does not request exclusion may enter an appearance through counsel.  Fed. R. Civ. P. 23(c)(2).

Here, Plaintiffs' counsel have chosen to send notice individually to all class members by mail.  This is the "best notice practicable under the circumstances."  Fed. R. Civ. P. 23(c)(2).  Further, the content of the proposed notices satisfies Rule 23.  The notices explain the nature of the action, the class claims, and define the classes.  Additionally, the notices explain that class members may opt out of the class; that failure to opt out will mean the class member's claim will be determined in this lawsuit; and that a class member may seek advice of counsel.

Accordingly, the Court approves the proposed notices attached as Exhibits A, B, and C to Plaintiffs' Agreed Motion for Approval of Notices of Pendency of Class Actions.  The Court further **APPROVES** the following agreed upon deadlines:  Defendant will provide Plaintiffs with a list of potential class members no later than February 27, 2008; Plaintiffs will mail the notices to class members no later than 30 days after receiving the class list; and class members may opt-out of the litigation by mailing a request that is post-marked no later than 45 days after the class notice mailing.

CONCLUSION

For the reasons set forth above, the motion for an order requiring the mailing of class notice (DE #136) is **DENIED AS MOOT**. The motion to approve the agreed upon class notices (DE #142) is **GRANTED** and the Court **APPROVES** the use of the notices attached to the motion as Exhibits A, B, and C.  The Court further **APPROVES** the following agreed upon deadlines: Defendant will provide Plaintiffs with a list of potential class members no later than February 27, 2008, Plaintiffs will mail the notices to class members no later than 30 days after receiving the class list, and class members may opt-out of the litigation by mailing a request that is post-marked no later than 45 days after the class notice mailing.

**DATED: January 30, 2008**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**