**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE H&R BLOCK MORTGAGE CORPORATION, PRESCREENING LITIGATION | )<br>)<br>)<br>) | 2:06-MD-230 (MDL 1767)<br><br>(relates to all cases) |

**PLAINTIFF'S REDACTED REPLY IN FURTHER SUPPORT
OF PLAINTIFF'S MOTION TO STRIKE**

Pursuant to this Court's order of January 29, 2008. Plaintiff Perrie Bonner respectfully states as follows:

**I.      Background**

On April 12, 2007, Plaintiff took the depositions of Darren Hume, Vice President of Marketing for Defendant H&R Block Mortgage Corporation ("HRBMC") and Dana Clarke, General Counsel for HRBMC.  ("Hume Dep." and "Clarke Dep. I" attached hereto as Exhibits A and B.)  In these depositions, both Mr. Hume and Mr. Clarke were instructed, based upon attorney-client privilege, not to answer questions regarding any advice provided by Mr. Clarke regarding whether or not the mailer at issue in the present case violated the requirements of the Fair Credit Reporting Act ("FCRA").

On July 30, 2007, Plaintiff took a second deposition from Mr. Clarke. ("Clarke Dep. II, attached hereto as Exhibit C.)  Mr. Clarke answered questions at this second deposition only regarding the specific issue of whether the mailer at issue constituted a "firm offer of credit." See Clarke Dep. II at 3:16-18, 13:4-11, 14:2-22, 19:2-23, 32:7-33:2, 33:9-42:11, 56:11-58:5, 62:4-17, 63:21-64:6, 67:21-68:7, 74:8-16.  But he refused to provide any information as to his legal review and the advice he provided HRMBC with respect to whether HRBMC's mailers complied

1

with the "clear and conspicuous" disclosure requirements of the FCRA. See Clarke Dep. II at 14:2-22, 32:7-33:2, 56:11-58:5, 62:4-17, 67:21-68:7, 74:8-16. He also refused to testify as to several other relevant issues regarding HRBMC's FCRA compliance, citing attorney-client privilege. Mr. Clarke also cited attorney-client privilege and refused to testify as to his opinions regarding HRBMC prescreened mailers other than those that are the subject of the present litigation. See Clarke Dep. II. At 56:11-58:5, 63:21-64:6. Additionally, at Mr. Clarke's second deposition, he produced just a single document out of thirty that had been withheld as protected by the attorney-client privilege.

In connection with its Motion for Summary Judgment and after the close of discovery, HRBMC submitted to this Court the Clarke Declaration (attached hereto as <u>Exhibit D</u>) and the Hume Declaration (attached hereto as <u>Exhibit E</u>). In their Declarations, Mr. Clarke and Mr. Hume expounded and rephrased their deposition testimony. Because these Declarations were submitted subsequent to the close of discovery, Plaintiffs were unable to cross-examine Mr. Clarke and Mr. Hume on their statements. In its Motion for Summary Judgment, HRBMC claims reliance upon the advice of counsel as a defense against Plaintiffs' claim that it willfully violated the FCRA.

**II.    Argument**

Plaintiffs ask this Court to strike **(A)** certain portions of Mr. Hume's Declaration and corresponding paragraphs in HRBMC's Statement of Material Facts, **(B)** certain portions of Mr. Clarke's Declaration and corresponding paragraphs in HRBMC's Statement of Material Facts, and **(C)** certain portions of Defendant's Statement of Material Facts that relate to HRBMC's FCRA compliance procedure. These portions are detailed below, but as a general matter they

should be should be stricken because Plaintiffs are entitled to Mr. Clarke's testimony as to all of the legal advice he provided with respect to HRBMC's prescreened mailers as well as the documents that are still being withheld on the basis of the attorney-client privilege for several reasons:

First, because Plaintiffs allege HRBMC "willfully" violated the FCRA, Mr. Clarke's legal advice regarding HRBMC's compliance with the all aspects of the FCRA goes directly to the issue of whether HRBMC's actions were "not only a violation under a reasonable reading of the statute's terms, but show[] that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. Safeco Insurance Co. of America v. Burr, 127 S.Ct. 2201, 2215 (2007). If HRBMC relies upon the advice of its counsel as a defense, Plaintiffs are entitled to Mr. Clarke's full advice on this mailer and others, because a litigant "cannot have it both ways [by seeking] refuge in consultation with counsel as evidence of their good faith yet prevent [Plaintiffs] from discovering the contents of the communication. Dorr-Oliver, Inc. v. Fluid-Quip, Inc., 834 F.Supp. 1008, 1012 (N.D.Ill. 1993).

As the court in U.S. v. Bilzerian, 926 F.2d 1285 (2nd Cir. 1991) recognized, "the attorney-client privilege cannot at once be used as a shield and a sword[.]" 926 F.2d at 1292. This is the approach taken by the court in Claffey v. River Oaks Hyundia, Inc., No. 06-CV-00310 (N.D. Ill. July 10, 2007), in which Judge Kennelly held a defendant cannot introduce evidence of its policies and practices regarding compliance with the FCRA while simultaneously maintaining its attorney-client privilege. (Order attached hereto as Exhibit F.) To allow HRBMC to have it both ways, to "seek refuge in consultation with counsel as evidence of [its] good faith yet prevent [plaintiffs] from discovering the contents of the communication" would violate the

3

purpose of the attorney-client privilege. Claffey order at 1 (citation omitted). By maintaining the attorney-client privilege, HRBMC has chosen to use the privilege as a shield, and cannot therefore also choose to wield the privilege as a sword to pick and choose what evidence it will produce.

HRBMC's non-production of documents relating to its FCRA compliance procedure also justifies Plaintiff's Motion to Strike. HRBMC cannot use certain documents that describe its FCRA compliance procedure without permitting access to all communications relating to the subject. As in Keyes Fibre Co. v. Packaging Corp. of America, 763 F.Supp. 374, 376 (N.D. Ill. 1991), "the attorney-client privilege is waived if the defendant relies on the opinion of counsel to defend against a willful infringement claim[.]" 763 F.Supp. at 376 (addressing a "willful infringement" in the context of a patent claim). This waiver extends to all evidence regarding the legal advice HRBMC received regarding FCRA compliance, because it cannot be allowed to "claim reliance on the advice of counsel and, at the same time, conceal the full nature and extent of that advice." Abbott Labs. v Baxter Travenol Labs., Inc., 676 F.Supp. 831 (N.D. Ill. 1987).

Second, Mr. Clarke's full advice with regards to compliance with the FCRA is relevant to Mr. Clarke's credibility. Thus, if Mr. Clarke advised HRBMC that the instant mailer's disclosures met the "clear and conspicuous" requirements of the FCRA, it seriously calls into question his judgment in evaluating compliance with the FCRA. If, however, Mr. Clarke advised HRBMC that the instant mailer's disclosures did not meet the "clear and conspicuous" requirements of the FCRA, and HRBMC disregarded that advice, it directly demonstrates HRBMC's wilful disregard of the FCRA's requirements. Even if the advice concerns a different

aspect of FCRA compliance or other mailers, it is nevertheless relevant to the reliability and credibility of the advice upon which HRBMC now seeks to find safe haven.

    **A.**    **The Declaration of Darren Hume and Corresponding Paragraphs in HRBMC's Statement of Material Facts**

Plaintiff asks this Court to strike the following paragraphs from the Declaration of Darren Hume:

¶4, which discusses

[REDACTED]

¶5, which asserts that

[REDACTED]

[REDACTED]

Both these paragraphs should be stricken because they directly rely upon Mr. Clarke's role and advice in HRBMC's compliance procedure. Because HRBMC has not disclosed Mr. Clarke's full advice regarding FCRA compliance or produced twenty-nine out of thirty documents relating to Mr. Clarke's opinions, it cannot rely upon a partial opinion. Thermos Co. v. Starbucks Corp., 1998 U.S. Dist. LEXIS 17753 (N.D.Ill. Nov. 3, 1998) (a party cannot "disclos[e] opinions which support its position, and simultaneously conceal[] those [opinions] which are adverse").

Accordingly, the corresponding portions of HRBMC's Statement of Material Facts that rely upon ¶¶4-5 of the Hume Declaration (¶¶12, 13, 15) should be stricken as well.

    **B.**    **Declaration of Dana Clarke and Corresponding Paragraphs in HRBMC's Statement of Material Facts**

Plaintiff asks this Court to strike the following paragraphs from the Declaration of Dana

Clarke:

¶4, which discusses generally HRBMC's compliance procedure and states

[REDACTED]

[REDACTED]

[REDACTED]

¶5, which again discusses generally Mr. Clarke's role in HRBMC's compliance procedure, and specifically states

[REDACTED];

[REDACTED]

[REDACTED]

[REDACTED]

¶6, which states

[REDACTED]

[REDACTED]

¶8, which contains Mr. Clarke's interpretation of the FCRA's requirements;

¶10, which contains

[REDACTED]

¶11, which states

[REDACTED]

[REDACTED]

[REDACTED]

¶12, which states that, subsequent to the Seventh Circuit's decision in <u>Cole v. U.S. Capital</u>, 389 F.3d 719 (7th Cir. 2004), Mr. Clark

[REDACTED]

[REDACTED]

¶14, which states

[REDACTED]

Just as in ¶¶4-5 of the Hume Declaration, these paragraphs directly relate to HRBMC's compliance procedure, Mr. Clarke's role in that procedure, and Mr. Clarke's purported advice to HRBMC regarding FCRA compliance. At Mr. Clarke's second deposition, however, he refused to fully testify as to his full opinions offered to HRBMC regarding FCRA compliance, and only produced one of the thirty relevant documents. See Clarke Dep. II at 3:16-18, 13:4-11, 14:2-22, 19:2-23, 32:7-33:2, 33:9-42:11, 56:11-58:5, 62:4-17, 63:21-64:6, 67:21-68:7, 74:8-16. Because HRBMC is using the attorney-client privilege to "have it both ways [by seeking] refuge in consultation with counsel as evidence of their good faith yet [preventing Plaintiff] from discovering the contents of the communication[,]" the identified paragraphs should be stricken. <u>Dorr-Oliver,</u>834 F.Supp. at 1012.

Accordingly, the portions of HRBMC's Statement of Material Facts that rely upon ¶¶4, 5, 6, 8, 10, 11, 12, and 14 of the Clarke Declaration (¶¶21, 22, 77, 78, 81, 82, 86, 88, 89 (first sentence only), 90, and 91) should be stricken as well.

**C.     Defendant's Statement of Material Facts**

Plaintiff also asks this Court to strike ¶¶15, 16, 17, 18, 19, 24, 25, 26, 76, 79, 80, and 84

from Defendant's Statement of Material Facts.[1] While these paragraphs do cite to portions of Mr. Clarke's second deposition in which he discussed a portion of HRBMC's compliance procedure, his opinions and his advice to HRBMC with regards to one aspect of FCRA compliance, the fact remains that he did not fully disclose his opinions regarding HRBMC's FCRA compliance for the present mailers, his opinions regarding other HRBMC mailers, or twenty-nine out of thirty relevant documents, which are all relevant to the present litigation. See Clarke Dep. II at 3:16-18, 13:4-11, 14:2-22, 19:2-23, 32:7-33:2, 33:9-42:11, 56:11-58:5, 62:4-17, 63:21-64:6, 67:21-68:7, 74:8-16. Because Mr. Clarke maintained the attorney-client privilege for these relevant issues, HRBMC cannot use his partial testimony to support its argument regarding wilfulness. See In re von Bulow, 828 F.2d 94, 103 (2nd Cir. 1987); Clark v. United States, 289 U.S. 1 (1933); Johnson v. Rauland-Borg Corp., 961 F.Supp. 208 (N.D. Ill. 1997); Kidder, Peabody & Co. v. International Acceptance Group, NV, 1997 U.S. Dist. LEXIS 7108 (N.D. Ill. May 20, 1997); Southwire Co. v. Essex Group, Inc., 570 F.Supp. 643 (N.D. Ill. 1983); Anderson v. Nixon, 444 F. Supp. 1195 (D.D.C. 1978); U.S. v. Exxon Corp., 94 F.R.D. 246 (D.D.C. 1981).

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order striking the foregoing portions of the Declaration of Darren Hume, the foregoing portions of the Declaration of Dana Clarke, and the foregoing portions of Defendant's Statement of Material Facts and for such other relief as law and justice require.

---

[1] The Court correctly points out that Plaintiff admitted some portions of HRBMC's Statement of Material Facts (¶¶20, 83, 85, and 87). Plaintiff does not seek to now to have those paragraphs stricken.

        Respectfully submitted,


        <u>s/ Daniel A. Edelman</u>
        Daniel A. Edelman


Daniel A. Edelman
James O. Latturner
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on February 6, 2008, I caused the following **PLAINTIFF'S REDACTED REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**, to be filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

John D Blythin   jblythin@ademilaw.com

Kevin K Eng PHV   keng@mzclaw.com

Todd A Gale   tgale@dykema.com

Richard E Gottlieb   rgottlieb@dykema.com, ifrye@dykema.com, tgale@dykema.com

Arthur F Radke   aradke@dykema.com, ifrye@dykema.com, mjr@dykema.com

David M Victor   dvictor@ademilaw.com

Renee L Zipprich   rzipprich@dykema.com

Edward S Zusman PHV   ezusman@mzclaw.com

Notice will be delivered by U.S. Mail to the following attorneys:

J. Kevin Snyder
Jessica G. Babrick
Naomi Carry
Dykema Gossett
333 South Grand Ave Suite 2100
Los Angeles, CA 90071

             s/ Daniel A. Edelman
             Daniel A. Edelman