IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE H&R BLOCK MORTGAGE            )
CORPORATION, PRESCREENING           )   CAUSE NO. 2:06-md-230
LITIGATION                          )   (MDL 1767)
                                    )(relates to all cases)


## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike the Declaration of Dana Clarke and Portions of the Declaration of Darren Hume, filed by Plaintiff, Perrie Bonner, on October 1, 2007 (DE #112).  For the reasons set forth below, the motion to strike is **DENIED**.


BACKGROUND

In the beginning of this litigation, H&R Block Mortgage Corporation ("HRBMC") represented to this Court that it would not rely on an advice of counsel defense at trial and would not waive the attorney-client privilege.  (*See* Report to Court on Def.'s Position Regarding Advice of Counsel Defense, filed July 10, 2007.) On April 12, 2007, Plaintiff took the depositions of Darren Hume, Vice President of Marketing for HRBMC and Dana Clarke, General Counsel for HRBMC.  In both depositions, Hume and Clarke were instructed not to answer, on the basis of attorney-client privilege, questions about the advice provided by Clarke regarding

whether the mailers at issue violated the requirements of the Fair Credit Reporting Act ("FCRA").

Plaintiff filed a motion for a determination that HRBMC waived the attorney-client privilege, or alternatively, for an order barring certain evidence (DE #42), which has since been withdrawn. Following a hearing in front of this Court on June 26, 2007, in which the Court encouraged the parties to amicably resolve the dispute over the attorney-client privilege, HRBMC voluntarily re-produced Clarke for his second deposition on July 30, 2007, and allowed him to testify about the compliance of the pre-screened mailers at issue in this case with the requirements of the firm offer of credit exception of the FCRA.

In its L.R. 56.1 Statement of Material Facts in Support of Defendant's Motion for Summary Judgment (Unredacted), HRBMC relies upon the declaration of Dana Clarke (Ex. C to Def.'s Stmt. Of Facts), and the Declaration of Darren Hume (Ex. B to Def.'s Stmt. Of Facts), to argue that Clarke reviewed and approved all market materials for compliance with the FCRA (Hume Dec. ¶ 4), and that the mailings at issue in this case complied with the FCRA (Clarke Dec. ¶ 14).  HRBMC admits that it is now asserting an "advice of counsel" defense.  (Sur-Reply of HRBMC, p. 5 n.4.)

Plaintiff contends that Clarke only answered questions at this second deposition regarding whether the mailer at issue constituted a firm offer of credit.  Plaintiff complains that: (1) Clarke

2

refused to provide any information as to his legal review and the advice he provided HRBMC with respect to whether HRBMC's mailers complied with the "clear and conspicuous" disclosure requirements of the FCRA; (2) Clarke refused to testify as to his opinions regarding HRBMC's prescreened mailers other than those that are the subject of the present litigation; and (3) 29 were documents not produced on the basis of attorney-client privilege.  Plaintiff argues that portions of Hume and Clarke's declarations and the corresponding paragraphs in Defendant's Statement of Material Facts in Support of Defendant's Motion for Summary Judgment should be stricken because "[i]f HRBMC relies upon the advice of its counsel as a defense, Plaintiffs are entitled to Mr. Clarke's full advice on this mailer and others. . . ."  (Pl.'s Conf. Reply, p. 3.)

Following the initial briefing on the motion at issue, the Court entered an order dated January 29, 2008, ordering Plaintiff to include in a reply brief each numbered paragraph it wished to strike, and a specific argument as to why the information should be stricken, for example, "provide citations as to when Hume or Clarke refused to answer a question on this subject on the basis of attorney-client privilege."  (Jan. 29, 2008 Order, p. 3.) Plaintiff failed to provide any deposition citations to instances where Clarke failed to answer a question on the subject in question.  Instead, Plaintiff only generally argues that the paragraphs should be stricken because HRBMC did not disclose

3

Clarke's full advice regarding FCRA compliance procedure.

DISCUSSION

A litigant "cannot have it both ways [by seeking] refuge in consultation with counsel as evidence of their good faith yet prevent [opponents] from discovering the contents of the communication." *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 834 F.Supp. 1008, 1012 (N.D. Ill. 1993); *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("the attorney-client privilege cannot at once be used as a shield and a sword."). This issue arises often in patent actions where the attorney-client privilege is waived if the defendant relies on the opinion of counsel to defend against a willfull infringement claim. *See, e.g., Keyes Fibre Co. v. Packaging Corp. Of America*, 763 F.Supp. 374, 376 (N.D. Ill. 1991). The reasoning behind the waiver is that a party should not be allowed to "claim reliance on the advice of counsel and, at the same time, conceal the full nature and extent of that advice." *Abbott Labs. v. Baxter Travenol Labs., Inc.*, 676 F. Supp. 831, 833 (N.D. Ill. 1987).

However, a waiver of the attorney-client privilege is limited to the subject matter implicated by the defense raised. As stated by the Court in *Schoefield v. United States Steel Corp.,* No. 2:04-cv-520-PRC, 2005 WL 3159165, at *2 (N.D. Ind. Nov. 28, 2005):

> The doctrine of the attorney-client privilege is a common law privilege that can be explicitly or

4

>implicitly waived by the client. *Denius v. Dunlap*, 209 F.3d 944, 952 (7th Cir. 2000). "The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." *Fort James Corp. [v. Solo Cup Co.]*, 412 F.3d [1340,] at 1349 [(Fed. Cir. 2005)] (applying Seventh Circuit law); *see also Golden Valley Microwave Foods, Inc. V. Weaver Popcorn Co., Inc.*, 132 F.R.D. 204, 207-8 (N.D. Ind. 1990) (citation omitted) (providing that "[v]oluntary disclosure . . . waives the privilege as to remaining documents of that subject mater"); *GFI, Inc., v. Franklin Corp.*, 265 F.3d 1268 (Fed. Cir. 2001) (applying Fifth Circuit law and holding that "[w]hen a party voluntarily waives attorney-client privilege, that waiver extends to all communications pertaining to the subject matter of the communications"); *In re Grand Jury Proceedings*, 219 F.3d 175, 183 (2d Cir. 2000) (quoting 8 J. Wigmore, Evidence § 2327, at 638 (McNaughton ed. 1961) (explaining that "[t]he client's offer of his own or the attorney's testimony as to a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter").

Implicit in its argument, Plaintiff attempts to define "subject matter" of the waiver to include any potential violation of the FCRA by the mailers, including specifically, HRBMC's compliance with the "clear and conspicuous" disclosure requirement of 15 U.S.C. § 1681m(d). Plaintiff does not contend that the clear and conspicuous disclosure requirement is at issue in this case. However, Plaintiff argues that "[e]ven if the advice concerns a different aspect of the FCRA compliance or other mailers, it is nevertheless relevant to the reliability and credibility of the advice upon which HRBMC now seeks to find safe haven." (Pl.'s Conf. Reply, p. 4.) Plaintiff provides no case law in support of

5

this argument.  Plaintiff has failed to show this Court how compliance about the "clear and conspicuous" requirement or compliance of other mailers is attorney communication "on the same matter" as the issue in this case, which is compliance with the firm offer of credit requirement, much less how it is even relevant to this case.

In sum, the Court believes that the limited waiver of the attorney-client privilege in this case does not justify discovery on other mailers (not at issue in this case) or compliance reviews involving different FCRA provisions (not at issue in this lawsuit). Therefore, the motion to strike is **DENIED**.

CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike the Declaration of Dana Clarke and Portions of the Declaration of Darren Hume, is **DENIED**.

**DATED: March 18, 2008**              /s/ RUDY LOZANO, Judge
                                       **United States District Court**