**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE H&R BLOCK MORTGAGE CORPORATION, PRESCREENING LITIGATION | )<br>)<br>)<br>) | 2:06-MD-230 (MDL 1767)<br><br>(relates to all cases) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR VOLUNTARY DISMISSAL**

Pursuant to this Court's order, Plaintiff Perrie Bonner submits the following in support of Plaintiffs' Motion for Voluntary Dismissal:

**I.    Plaintiffs' Motion is Timely**

Plaintiffs promptly moved for voluntary dismissal in this matter following the First Circuit Court of Appeals' decisions in <u>Sullivan v. Greenwood Credit Union</u>, 520 F.3d 70 (1st Cir. 2008) and <u>Dixon v. Shamrock Fin. Corp.</u>, 2008 U.S. App. LEXIS 7067 (1st Cir. Apr. 3, 2008) and the Seventh Circuit Court of Appeals' recent opinions addressing "firm offers of credit" for purposes of the Fair Credit Reporting Act ("FCRA") in three cases:; <u>Murray v. New Cingular Wireless Services, Inc.</u>, No. 06-2477, <u>Bruce v. Keybank, N.A.</u>, No. 06-4368, and <u>Price v. Capital One Bank (USA), N.A.</u>, No. 07-2370. 2008 U.S. App. LEXIS 8004 (7th Cir. Apr. 16, 2008) (attached as <u>Exhibit 1</u>).  Given the Circuits' holdings in these cases regarding the standards for a "firm offer of credit" under the FCRA, particularly that pre-screened mailers need not include material terms of the proposed credit in order to qualify as a "firm offer of credit" under the FCRA, Plaintiff's arguments in the present case were no longer viable.  Accordingly, on April 17, 2008, one day after the Seventh Circuit's opinion and after evaluating the likely effect

of these opinions on the present matter, Plaintiffs moved for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).

**II.     Voluntary Dismissal is Proper under Rule 23(e)**

Because these opinions preclude Plaintiffs prevailing on the merits in the present matter, Plaintiffs have moved to vacate the classes certified by this Court (see Doc. No. 161, 162 and 165), and although the Court has not yet ruled on Plaintiffs motions, Defendant has represented that it does not oppose the motions if Plaintiffs do not then pursue the actions individually.  See Doc. No. 166.  If the Court grants Plaintiffs' motions to vacate the classes, therefore, the voluntary dismissal would be with prejudice as to the named Plaintiffs and without prejudice as to members of the class.

Plaintiffs believe that the class members no longer have any viable claim against Defendant in this matter following Murray.  Neither the named Plaintiffs nor Plaintiffs' counsel are receiving anything under the terms of the proposed voluntary dismissal.  Essentially, any notice sent to class member at this point would only serve to inform them that they may have had a claim against H&R Block Mortgage Corporation at one time, but due to Murray that claim can no longer be sustained.  Numerous courts in this Circuit have agreed that class members need not receive notice of voluntary dismissal following Murray.  See e.g. Shellman v. Countrywide Home Loans, Inc., No. 05-CV-234-TS (N.D. Ind. May 2, 2008) (attached as Exhibit 2); Hernandez v. Chase Bank USAS NA, et al, No. 05-CV-05274 (N.D. Ill. Apr. 30, 2008) (attached as Exhibit 3); Claffey v. River Oaks Hyundai, Inc., et al, No. 06-CV-00310 (N.D. Ill. Apr. 22, 2008) (attached as Exhibit 4).

**III.     Sanctions Are Not Proper**

Sanctions against Plaintiffs are not appropriate in this matter for at least three reasons. First, as discussed, Plaintiffs moved for dismissal promptly upon the Seventh Circuit's decision in Murray.  Second, Plaintiffs' claims were meritorious under the applicable law at the time the action was filed and during the course of the litigation.  Several independent sources have recognized that Murray represents a change in the Seventh Circuit's FCRA standards, and significantly limited plaintiffs' ability to prove a defendant's violation of the FCRA.  See, e.g. "Seventh Circuit Limits Its Holding In Cole v. U.S. Capital And Clarifies The Requirement for making firm offers of credit under the Fair Credit Reporting Act" (attached as Exhibit 5); "Seventh Circuit Revisits 'Firm Offer Of Credit' And Restricts Cole" (attached as Exhibit 6).

No one has suggested that the present action was frivolous, and it is important to note that even in Murray, which involved substantively identical issues as the present case, the Seventh Circuit did not suggest that the underlying claims were frivolous or that sanctions against plaintiffs in the midst of similar litigation were appropriate.  Plaintiffs are not aware of any instance amongst the numerous FCRA "firm offer" suits voluntarily dismissed in this circuit following Murray in which the court applied sanctions.  On the contrary, courts ordered dismissal without even costs.  Indeed, Defendant's counsel has stipulated to a dismissal with each party to bear its own costs in a substantively identical matter.  See In re Citifinancial Services, Inc. Prescreened Offer Litigation, MDL no. 1818 (N.D. Ill. May 5, 2008) (attached as Exhibit 7).

Third, sanctions are not appropriate because Plaintiffs sought to avoid incurring additional litigation expenses in this matter in August 2007 by moving this Court for a stay pending the Seventh Circuit's decisions. (See Exhibit 8).  Plaintiffs sought to stay the

3

proceedings to allow for guidance from the Seventh Circuit regarding the Supreme Court's wilfulness standard set forth in Safeco Ins. Co. Of Am. v. Burr, 127 S. Ct. 2201 (2007). In Bruce v. Keybank Nat'l Ass'n, 2006 U.S. Dist. LEXIS 91371 (N.D. Ind. Dec. 15, 2006), for example, this Court found that while the defendant had not made a "firm offer of credit," its violation could nevertheless not be found wilful under a pre-Safeco standard. Bruce, along with Murray, et al, disagreed with this Court's "firm offer of credit" fuling, but affirmed on the Seventh Circuit's first application of the Safeco standard.

Because it was reasonable to anticipate that the Court of Appeals would address many of the substantive issues being litigated in the present matter, as in fact did occur, Plaintiffs sought to limit the already substantial costs of litigation by staying the case pending those decisions. Ultimately, however, Defendant opposed the stay of litigation and this Court did not grant Plaintiffs' motion. Given that (1) Plaintiffs sought to dismiss the present action as quickly as possible following Murray, (2) Plaintiffs claims were meritorious prior to Murray, and (3) Plaintiffs had previously sought to limit the costs of litigation by staying the case pending the Seventh Circuit's decisions, sanctions are not appropriate.

Dated May 7, 2008

                                      Respectfully submitted,

                                      s/ Zachary A. Jacobs
                                      Zachary A. Jacobs

Daniel A. Edelman
Cathleen M. Combs
Zachary A. Jacobs

EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Zachary A. Jacobs, hereby certify that on May 7, 2008, I caused the foregoing document, to be filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

John D Blythin   jblythin@ademilaw.com

Kevin K Eng PHV   keng@mzclaw.com

Todd A Gale   tgale@dykema.com

Richard E Gottlieb   rgottlieb@dykema.com, ifrye@dykema.com, tgale@dykema.com

Arthur F Radke   aradke@dykema.com, ifrye@dykema.com, mjr@dykema.com

David M Victor   dvictor@ademilaw.com

Renee L Zipprich   rzipprich@dykema.com

Edward S Zusman PHV   ezusman@mzclaw.com

Notice will be delivered by U.S. Mail to the following attorneys:

J. Kevin Snyder
Jessica G. Babrick
Naomi Carry
Dykema Gossett
333 South Grand Ave Suite 2100
Los Angeles, CA 90071

s/ Zachary A. Jacobs<br>Zachary A. Jacobs